UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK A. MAYS,**

      **Plaintiff,**

                                              **Civil Action 2:10-cv-00613**

**v.**                                            **Judge James L. Graham**

                                              **Magistrate Judge E.A. Preston Deavers**

**STATE OF OHIO,** *et al.*,

      **Defendants.**

**REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of Defendant the State of Ohio's Motion to Dismiss (ECF No. 15).  For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** the Motion and **DISMISS** Defendant State of Ohio.

Defendant brings this action against Defendants Amy Weiss and the State of Ohio for deliberate indifference to his serious medical needs.  Defendant State of Ohio seeks dismissal of this action pursuant to Rule 12(b)(6).  The State of Ohio specifically maintains that it is immune form suit under the Eleventh Amendment.  It appears from his Response that Plaintiff has no opposition to the dismissal of Defendant State of Ohio.  (*See* ECF No. 19.)

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend XI.  Accordingly, "[t]he Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued." *McCoy v.*

*Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010).  Furthermore, the Supreme Court held "that a State is not a person within the meaning of § 1983." *Will v. Michigan Dept. of Police*, 491 U.S. 58, 64 (1989).  Finally, "'Ohio has not waived its sovereign immunity in federal court.'"  *Moss v. Columbus Bd. of Educ.*, 98 F. App'x. 393, 395 (6th Cir. 2004) (quoting *Mixon v. State of Ohio*, 193 F.3d 389, 396–97 (6th Cir. 1999)).

Under these circumstances, it is clear that the State of Ohio is immune from Plaintiff's action.  Consequently, and noting that Plaintiff does not oppose dismissal of this Defendant, it is **RECOMMENDED** that the Court **GRANT** Defendant the State of Ohio's Motion to Dismiss and **DISMISS** Defendant the State of Ohio from this action.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 2, 2011 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge