## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MARK A. MAYS,**

     **Plaintiff,**

                                     **Civil Action 2:10-cv-00613**

**v.**                              **Judge James L. Graham**
                                     **Magistrate Judge E.A. Preston Deavers**

**STATE OF OHIO,** *et al.***,**

     **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant Amy Weiss' Motion for Summary Judgment. (ECF No. 28.) Defendant Weiss maintains that she is entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). The undersigned agrees. Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion for Summary Judgment and **DISMISS PLAINTIFF'S CLAIM WITHOUT PREJUDICE.**

### I. BACKGROUND

Plaintiff, a *pro se* prisoner formerly incarcerated at Lebanon Correctional Institution ("LeCI"), filed this suit *in forma pauperis* pursuant to the PLRA. He specifically brings a cause of action against Defendant Weiss (hereinafter "Defendant"), the Healthcare Administrator at LeCI.[1] Within his Complaint, Plaintiff contends that on February 24, 2010 Defendant was indifferent to his medical needs when he was urinating and spitting up blood. Plaintiff also

---

[1] On May 26, 2011, the Court dismissed Defendant State of Ohio from this action. (ECF No. 26.)

asserts that, on the same day, Defendant removed his heart monitor in an improper fashion.

On November 30, 2011, Defendant filed her Motion for Summary Judgment. Defendant contends that Plaintiff's action is barred because he failed to properly exhaust his administrative remedies through the Ohio Department of Rehabilitation ("ODRC") grievance procedures.[2] In support of her Motion, Defendant submits the Declaration of Linda Coval, Deputy Chief Inspector for ODRC, who reviewed Plaintiff's grievance file. Additionally, Defendant has submitted the only three informal complaints Plaintiff filed while at LeCI that concern either his medical treatment or Defendant.

On January 6, 2012, after Plaintiff's response time to the Motion for Summary Judgment had run, the Court issued an Order directing Plaintiff to submit a motion for leave to respond *instanter* within fourteen days if he desired to oppose Defendant's Motion. (ECF No. 29.) Plaintiff failed to respond to this Order.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

---

[2] LeCI is an institution within ODRC.

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a 'genuine' dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.  ANALYSIS

Failure to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 549 U.S. 199, 216 (2007). Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 at 95); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures"). Additionally, "[p]roper exhaustion demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Exhaustion is required "even where [the prisoners] believe the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations omitted). Furthermore, "[t]he PLRA requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages." *Hopkins v. Ohio Dept. Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003). Finally, to satisfy exhaustion requirements a prisoner must provide "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x. 738, 740 (6th Cir. 2009).

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120–9–31. To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at ODRC must comply with its three-step grievance system. Ohio Admin. Code § 5120–9–31(K). For the first step, the inmate

4

must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned. Ohio Admin. Code § 5120–9–31(K)(1). Such action must be taken "[w]ithin fourteen calendar days of the date of the event giving rise to the complaint . . . ." *Id.* If the inmate is not satisfied with the results, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. Ohio Admin. Code § 5120–9–31(K)(2). That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt. *Id.* If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. Ohio Admin. Code § 5120–9–31(K)(3). This appeal must be filed within fourteen days of the disposition of the formal grievance. *Id.* All inmates in the custody of ODRC receive both written and oral instructions on how to use the grievance system, including instructions on appeals to the Chief Inspector's office and how to file direct grievances to that office, as required by Ohio Admin. Code § 5120-9-31(C). (Coval Decl. ¶ 7, ECF No. 28-1.)

      Here, Defendant has satisfied her burden of proving that Plaintiff failed to exhaust his administrative remedies. The uncontested evidence demonstrates that Plaintiff failed to properly exhaust his remedies because he did not take advantage of each step of the prison grievance process. Specifically, Deputy Coval's review of Plaintiff's grievance file demonstrates that he filed only eight informal complaints while at LeCI.[3] Of these informal complaints, only three involved Plaintiff's medical care provided by Defendant Weiss and only one of these complaints

---

[3] Plaintiff was incarcerated at LeCI until October 22, 2010, well after the alleged February 24, 2010 incident. (Coval Decl. ¶ 8, ECF No. 28-1.)

involved the subject matter of this action.[4] Prison officials responded to Plaintiff's informal complaints. Plaintiff, however, did not file any formal grievances or appeals to the Chief inspector of the ODRC concerning these matters. Given these circumstances, Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the above reasons, it is **RECOMMENDED** that the Court **GRANT** the Motion for Summary Judgment (ECF No. 28) and **DISMISS PLAINTIFF'S CLAIM WITHOUT PREJUDICE**.

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

---

[4] Notably, this informal complaint only discussed Plaintiff's claims involving his heart monitor.

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 9, 2012                                    /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge